# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD C. ACORD, | CV F 05 239 REC LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING INSTANT ACTION (Doc. 1) |
| MCCLAIN, VETTO, BALL, et. al., | |
| Defendants. | |

Richard Acord, ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on February 18, 2005, seeking to enforce a Grand Jury finding that the facility in which he is housed is "unsanitary and unfit." In addition, Plaintiff alleges that the Sheriff's Department is failing to comply with a Department of Health mandate to "abate" issues raised concerning the conditions at the jail. Plaintiff complains that defendants are failing to take seriously and abide by the Department of Health regulations and the Kings County Grand Jury's declaration and for these reasons, his grievances are beyond any "purely administrative remedy."

1

## A. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## B. EXHAUSTION REQUIREMENT

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001).

In this case, Plaintiff concedes that he has not exhausted the claims raised in the complaint via the administrative grievance process. Plaintiff provides the Court's with attachments of his complaints to staff concerning issues unrelated to the conditions of his confinement. For example, Plaintiff complained about the mail delivery which was responded to by a Sgt.; Plaintiff complained about good time credits, which was responded to by defendant Commander Ball; Plaintiff complained to the Board of Corrections of the State of California, which encouraged Plaintiff to utilize the internal grievance process to address his concerns regarding the conditions of his confinement; and finally, Plaintiff filed a Petition for Writ of Habeas Corpus which was denied twice by the Superior Court and once by the California Court of Appeal. Plaintiff concedes, however, that he has not exhausted his administrative remedies with respect to his request for injunctive relief to enforce the Grand Jury's finding and the Department of Health's "Notice to Abate." In light of Plaintiff's concession, the Court must DISMISS the complaint without prejudice.

**B. CLAIMS FOR RELIEF**

The Complaint before the Court seeks injunctive relief in the form of compelling the Kings County Jail to comply with the Department of Health Notice to Abate within Sixty Days or to release the prisoners within 24 hours. Plaintiff additionally requests monetary relief in the amount of $1,000,000 for each health violation.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's

3

affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Here, Plaintiff's request for relief is monetary damages for violation found by the Department of Health and injunctive relief to enforce a State Department of Health and Grand Jury findings. Plaintiff's allegations that the Kings County Sheriff's department is violating a State Department of Health request or a Grand Jury finding does not, by itself, give rise to a damages claim under Section 1983 for violation of the Eighth Amendment. Should Plaintiff wish to pursue a damages claim based on the conditions of his confinement in violation of the federal Constitutional, he must alleges facts that demonstrate that defendants acted with deliberate indifference to his health and safety in violation of the Eighth Amendment. In this case, however, because Plaintiff has not made such allegations through the administrative grievance process prior to seeking relief in federal court, the Court must DISMISS the complaint.

**C. CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under section 1983, and has further failed to exhaust his administrative remedies. In addition, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed

1  within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.
2  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).
3        The parties are advised that failure to file objections within the specified time may waive
4  the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
5  1991).
6  IT IS SO ORDERED.
7  **Dated:   May 7, 2005**                              /s/ Lawrence J. O'Neill
   b9ed48                                       UNITED STATES MAGISTRATE JUDGE